THERESA WINKLER, Appellant, v. HAWKES and ACKLEY, T. J. MAXWELL, and JOHN R. MAXWELL, Appellees.

**Appeals:** An appeal to the supreme court which is not presented in substantial conformity with the rules governing the same, is not entitled to consideration.

**Admission of evidence:** ERROR. Error in refusing to strike an ordinance pleaded as authority to make a post mortem examination, was cured by an instruction that the ordinance gave no such authority.

**Post mortem examination:** CONSENT. Consent to a post mortem examination to ascertain the cause of death implies permission to conduct the examination in the approved manner, including the removal of organs for microscopic examination where necessary and proper, unless such permission of removal is expressly withheld, especially where the parts were duly returned and replaced for burial.

*Appeal from Keokuk Superior Court.*— Hon. A. L. Par-
sons, Judge.

Wednesday, February 8, 1905.

The opinion states the case.— *Affirmed.*

*J. F. Smith,* for appellant.

*Hughes & Sawyer,* for appellees, Hawkes & Ackley.

*Hollingsworth & Blood,* for appellees, T. J. Maxwell
and John R. Maxwell.

Weaver, J.— The plaintiff alleges that her husband,
George Winkler, died at a hospital in the city of Keokuk,
and that immediately after his decease the defendants
Hawkes & Ackley, with indecent haste, and without any
authority therefor, removed the body to their undertaking
rooms, in said city, where the defendants T. J. Maxwell and
John T. Maxwell, with the assistance of Hawkes & Ackley,
wrongfully mutilated said body and removed some of its
parts, and that, by reason of such wrongful acts, plaintiff has
been made to suffer much physical and mental anguish, for
which she asks to recover damages. In answer to the plain-
tiff's claim, the defendant John R. Maxwell alleges that he is
a physician and surgeon, and attended upon Winkler in his
last sickness, and that, after the death of Winkler, upon in-
vitation of one Dr. Coulter, who had also been physician to
said deceased, and upon information that the widow con-
sented thereto, he assisted said Coulter in a post mortem
examination of the body for the purpose of determining, if
possible, the cause of death; that said examination was per-
formed in an orderly and scientific manner, and without any
unnecessary mutilation or removal of the parts. In all other
respects he denies the allegations of the petition. The de-
fendant T. J. Maxwell, pleading separately, sets up substan-

tially the same answer as his codefendant. By an amendment to their answers these defendants also pleaded an ordinance of the city of Keokuk which provides that, upon the death of any person within its jurisdiction, the physician in attendance shall certify to the proper authority the cause of such death. The answer of the defendants Hawkes & Ackley is not disclosed in the abstract. There was a trial to a jury, resulting in a verdict and judgment for the defendants, from which the plaintiff appeals.

I. The appeal is presented in a very unsatisfactory manner, and with little, if any, regard for the requirement of the rules of this court. Notwithstanding the statute, enacted upon demand of the bar, abolishing such practice, counsel's brief is prefaced with 15 pages of assignments of error. Scarcely one of the assignments is so full or complete as to apprise us of the point sought to be made, without going to the abstract. In some instances we are referred to the page of the abstract, and in others the reference is blank; leaving the court to search through one hundred and twelve pages of printed record to find the ruling complained of. This is followed by a statement of points or errors relied upon, in which we are simply directed to the assignments aforesaid by number, and these assignments, in turn, refer us to the abstract for an explanation. The brief of authorities which is appended is little, if any, more direct or certain, and is made intelligible only by tracing its references to the statement of points, thence to the assignments of error, and thence to the abstract. We cannot consent to try appeals in this manner. The rules of the court are neither complicated nor obscure, and we are disposed at all times to construe them liberally in favor of litigants who show substantial compliance with their terms. But we cannot permit them to be ignored. They have been framed and adopted to facilitate business and insure its prompt and orderly disposition — a result in which the profession and those whom it represents are vitally inter-

1. APPEALS.

ested.   We indulge in these remarks not only because of the
condition of the record before us, but because of a too fre-
quent and increasing tendency of counsel bringing cases to
this court to depart from the rules in respect to the prepara-
tion of briefs.   If lawyers belong to that class of persons to
whom, it is proverbially said, a word is sufficient — a propo-
sition which we are pleased to affirm — this hint will be all
that is needed to check the tendency referred to.

II.   The criticism made of the appellant's brief does
not apply with equal force to all the points argued, and we
shall pass upon those which we consider to have been prop-
erly presented.   A reversal is asked because of
the ruling of the court refusing to strike out the
amendment to defendant's answer pleading the ordinances of
the city of Keokuk.   We are disposed to think that the mo-
tion should have been sustained, but we find from the record
that the court instructed the jury that such ordinance gave
no authority to the physician to make a post mortem exami-
nation of the body, or to remove any part or portion of such
body, and, in view of this instruction, we think that the
error in permitting the amendment to stand was cured.

2. ADMISSION OF
EVIDENCE:
error.

III.   The court submitted to the jury the question
whether the plaintiff consented to the post mortem examina-
tion of the body of her husband, and it is argued that there
is no competent evidence upon which such con-
sent could be found.   We think otherwise.
Indeed, the plaintiff's own testimony clearly
shows that she did consent, and that the point of her sub-
sequent objection was that the surgeons took away some of
the parts or organs of the body.   It fully appears that she
understood the purpose of the examination was to ascertain
the cause of her husband's death, and that she consented to
it for that purpose.   That consent being given, we think it
must be held to imply a permission to the surgeons to con-
duct such examination in the approved and usual manner
practiced by their profession; and, if the removal of some of

3. POST MORTEM
EXAMINATION:
consent.

the organs for microscopic examination was necessary or proper to effect the purpose of the post mortem, then the defendants would not be guilty of an actionable wrong in so doing, unless such permission was expressly withheld at the time the consent to open the body was given.    It is true that Mrs. Winkler claims she made it a condition of her consent that none of the parts should be taken away, but that question was submitted to the jury, which evidently found against her contention in this respect.    Moreover, the condition that none of the parts should be taken away did not necessarily prohibit the taking of such parts to the office of the surgeons for examination, if they were duly returned and replaced for burial, and this appears to have been done.    The fact seems to be that the surgeons removed the heart and liver, in whole or in part, from the body, and took them from the undertaker's room for further examination; and, upon hearing that the plaintiff objected thereto, the parts were at once returned and buried with the body.    There is no indication that the surgeons acted otherwise than in entire good faith, and we believe their acts in the premises were fairly within the scope of the consent which plaintiff concedes she gave. But however this may be, this feature of the controversy was submitted to the jury under instructions, which were very favorable to the plaintiff, and we are not disposed to interfere with the verdict.

For reasons stated in the first paragraph of this opinion, none of the other matters argued by counsel will be considered.

The judgment of the district court is *affirmed*.