# Ogburn-Griffin Gro. Co. *v.* Orient Insurance Company.

## *Assumpsit.*

(Decided November 7, 1914.   66 South. 434.)

*1. *Insurance; Fire; Causes; Collapse of Building.*—Where the fire insurance policy contained a clause that if the building shall fall, except as a result of fire, all insurance on the building and contents shall immediately cease, the owner of a stock of insured goods cannot recover thereon if the building fell from some other cause than fire, if none of the goods were injured by the fire before the collapse of the building, even though it caught fire before it fell.

2. *Appeal and Error; Harmless Error; Instructions.*—Where the jury returned a verdict for defendant, any error in instruction as to the measure of damages if the jury should find for plaintiff was harmless to plaintiff.

3. *Same.*—The fact that an instruction is misleading does not call for a reversal, as plaintiff's remedy is to ask for an instruction explantory thereof.

4. *Same.*—The fact that an instruction is misleading does not call for a reversal, as plaintiff's remedy is to ask for an instruction explanatory thereof.

4. *Same; Assignments; Briefing.*—Where there were eighteen assignments of error, all relating to the charges, and the brief discussed twenty-six assignments, and as to all but the first three referred to charges not referred to in the assignment, and in some instances to charges not in the record, all the assignments except the first three will be treated as waived under rule 10, Supreme Court Practice.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by the Ogburn-Griffin Grocery Company against the Orient Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The substance of the plea is sufficiently set out. The following charges were given at the request of defendant:

(1) The court charges the jury that plaintiff has sued defendant for loss and damage which the plaintiff claimed to have been done to a certain stock of groceries, to-

bacco, and other merchandise by fire, and, if the jury should find for plaintiff, then they must include in the damages to the said stock of goods only such damages as the jury may be reasonably satisfied was done as the direct result of fire and water, and must not include in such damages any loss that the plaintiff may have suffered by reason of damages done to the stock of goods in any other way.

(2) This is a suit by plaintiff against defendant for the recovery of damages done to a certain stock of goods by reason of fire; and if the jury are reasonably satisfied from the evidence that the building in which said goods were contained collapsed or fell on account of its inherent weakness, or from any other cause other than fire, then plaintiff could not be entitled to recover against defendant for any damages which may have been caused to said stock of goods by the falling of the building, even though the jury may believe that the building was on fire before it fell.

(3) If the jury find from the evidence that the building in question, in which plaintiff's stock of goods were stored, caught fire before it fell to the ground, but that none of the plaintiff's goods were on fire prior to the collapse of the building, and if the jury are further reasonably satisfied from the evidence that the building collapsed and fell by reason of its inherent weakness, or for any other cause other than fire, and that the only damage that accrued to the stock of goods occurred after such collapse, and by reason of the fact that the building fell, and by reason of damages done to the goods by fire after the collapse, then the jury should find for defendant.

WEBB & McALPINE, for appellant. Although the building had been weakened by some cause other than

[Ogburn-Griffin Gro. Co. v. Orient Insurance Company.]

the fire so that it would have more readily fallen, yet if its final fall was from the effect of the fire, the company would be liable.—90 N. Y. Supp. 1035; 99 App. Div. 221; 123 Fed. 257; 21 Am. Rep. 703; 155 Cal. 708; 74 N. E. 421; 23 S. W. 140; 81 Ill. App. 231. Counsel discuss other assignments of error, but without citation of authority.

BESTOR & YOUNG, for appellee. On the discussion of counsel for appellant the court would be entirely justified in refusing to consider the questions sought to be raised by the assignments of error.—*B. R. L. & P. Co. v. Martin,* 148 Ala. 10; *Scarbrough v. Borders,* 115 Ala. 436; *Smith v. Freeman,* 75 Ala. 285. In any event, under the policy here sought to be recovered on the defendant is not liable for, "while the part that should fall in order to avoid the policy should be a substantial and material part of the building, it would not be necessary for it to be so great a part as would destroy the distinctive character of the structure. In such case the structure could no longer be considered a building but only debris or ruins."—*Home Insurance Co. v. Tomkies,* 71 S .W. Rep. (Texas) 812 and 814; *Nicholls v. Sun Insurance Co.,* 14 South. Rep. (Miss.) p. 263; *Hick v. Globe Insurance Co.,* 127 (Mass.) p. 306; *Nelson v. Traders Insurance Co.,* 181 (N. Y.) 472; Ostrander on Insurance, section 314; May on Insurance, section 412; *Moody v. Connecticut Ins. Co.,* 117 Pac. (Cal.) 773; *Kiesel v. Sun Ins. Co.,* 88 Fed. p. 245, 171 U. S. 688; *Foster v. Home Ins. Co.,* 143 Fed. p. 307; *Transatlantic Fire Ins. Co. v. Bamberger,* 11 S. W. (Kentucky) 595; *Orient Ins. Co. v. Leonard,* 109 Fed. 288; *Orient Ins. Co. v. Leonard,* 120 Fed. 811; *Pelican Ins. Co. v. Troy,* 13 S. W. (Texas) 980; *Phoenix Ins. Co. v. Boren,* 18 S. W. p. 484.

GARDNER, J.—This was a suit upon a fire insurance policy covering a stock of groceries belonging to the Ogburn-Griffin Grocery Company, brought by appellant against appellee.

The defendant pleaded the general issue and also several special pleas setting up the provisions of the policy, whereby it was provided that: "If a building or any part thereof fall, except as a result of fire, all insurance on such building or its contents shall immediately cease."

These special pleas alleged that the building which contained said stock of goods, or a substantial part of said building, fell, not as a result of fire; but as the result of its own inherent defects, weaknesses, overloading, etc. There was also an attempt to set up, by several special pleas, the breach by the plaintiff of certain conditions of the "iron-safe clause"; but these pleas finally went out on demurrer.

It appears from the record, therefore, that the real issues litigated between the parties on the trial of the cause was that raised by those pleas setting up the avoidance of the policy because the building or a substantial part thereof fell, not as a result of fire, but of its own inherent weakness.

The trial resulted in a verdict by the jury in favor of the defendant, and the plaintiff prosecutes this appeal.

The assignments of error relate to the action of the court in giving certain written charges requested by the defendant. The first assignment relates to charge numbered 1, given for the defendant. This charge relates to the damages recoverable, and is based upon the hypothesis "if the jury should find for the plaintiff." The jury, however, returned a verdict for the defendant, and, if there was any error in giving the charge, it was without injury.—*Huson Ice & M. Works v. Bland & Chambers,*

167 Ala. 391, 52 South. 445; *B. R. L. & P. Co. v. Demmins*, 3 Ala. App. 359, 57 South. 404; *Gordon v. Sullivan*, 116 Wis. 543, 93 N. W. 457; 2 Am. Dig. (Dec. Ed.) § 1068, subd. 4.

The criticism of counsel in brief, directed to this charge, only tends to show that the charge had a misleading tendency. If the falling of the building was the result of fire, then, of course, damage done to the goods of the plaintiff by the falling walls and debris would be the result of the fire and within the terms of the policy. —2 May on Insurance, § 412. If the plaintiff apprehended that the charge as given might mislead the jury, or had a misleading tendency, the remedy, was to ask an explanatory charge. It is the general rule recognized by this court that the giving of a charge with misleading tendency is not reversible error.—2 Mayf. Dig. 573; *B. R. L. & P. Co. v. Demmins, supra.*

Charges 2 and 3, given for the defendant; constitute the second and third assignments of error; and, as they are treated by counsel in brief by one argument and as presenting the same question, we will so consider them. These charges are free from error. They simply affirm and follow the plain provisions of the policy. They state the issues raised by the special pleas, and which appears to have been the real litigated question in the case.— *Foster v. Home Ins. Co.,* 143 Fed. 307, 74 C. C. A. 445; *Kiesel & Co. v. Sun Insurance Office,* 88 Fed. 243, 31 C. C. A. 515.

There appear on the record 18 assignments of error, each relating to the action of the court in giving a certain charge at the request of the defendant. The charges are referred to in the assignments by numbers and transcript pages. The brief of counsel for appellant, however, discusses 26 assignments of error, and as to each assignment (following the first 3 treated above) refers

to a charge not referred to in the assignment and, in some instances to charges which do not appear at all in the transcript. An illustration may be cited in the fifth assignment, which refers to charge 9. Brief of counsel states that this assignment refers to charge 7. There is no charge 7 shown in the record as given for defendant. There are also other instances, like that noted.

In brief of counsel we also note, as to the fourth assignment, the following: "The fourth assignment is waived." This assignment refers to charge 8. When the sixth assignment is reached in argument, counsel state it refers to charge 10, and charge 8 was embraced in the fourth assignment, which was expressly waived. A few other such instances are noted, showing a waiver of assignments in one portion of brief and an argument of them in another. The brief was doubtless prepared in much haste and probably under some difficulties, as might appear from the affidavit on file, offered upon application to reinstate the cause after dismissal of appeal for failure to file brief within the required time. So far as counsel are concerned, all this may be entirely excusable, as one might conclude from the affidavit referred to. Had there appeared only an occasional such error, a different question would be presented. But such is not the case. Not an assignment of error following the first three is correctly referred to in brief.

Rule 10 of this court, as in force at time of submission of this cause (Code 1907, p. 1508), requires that: "The appellant, in order to prepare a case properly for submission when called, shall have filed a brief of the points relied on, in accordance with, and confined to, the distinct specifications contained in his assignments of error, each ground of error insisted on being separately presented and numbered in proper order. Each point shall be stated in the form of a proposition, un-

less the assignment of error is itself in that form, and then it will be sufficient to copy the assignment."

That there has been a violation of this rule, although doubtless entirely unintentional on the part of counsel, there can be no question. It is equally apparent that such a violation is productive of much confusion to the court, in the study of the record and the preparation of an opinion, with the consumption of much unnecessary time and consequent delay. The point is strenuously urged upon us by counsel for appellee.

We are not at all disposed to a strict construction of such rules, but are rather inclined to construe them liberally in favor of litigants who show substantial compliance with their terms. But we cannot permit them to be ignored or entirely disregarded, however innocently, for they were framed and adopted to facilitate business and be an aid to the court in its prompt and orderly disposition, a result in which the profession and those whom it represents are greatly interested. If the rule is to be enforced at all, and even as construed most liberally, we are of the opinion that in this case we should consider the remaining assignments of error as waived, for the reasons above assigned.—1 Amer. Digest (Dec. Ed.) "Briefs," §§ 755 to 761, inclusive; *Winkler v. Hawkes & Ackley,* 126 Iowa, 474, 102 N. W. 418; *Kinnon v. L. & N. R. R. Co.,* 187 Ala. 480, 65 South. 397.

It results that the judgment of the court below is affirmed.

Affirmed.

McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.