(87 South. 789)

**HALE et al. v. KINNAIRD. (6 Div. 189.)**

(Supreme Court of Alabama. Feb. 3, 1921.)

1. **Descent and distribution ⊂⇒8—Right to redeem from mortgage foreclosure descendible.**

Right ·to redeem from a mortgage foreclosure under the statute is descendible.

2. **Homestead ⊂⇒158 — Decree against wife cut her off from homestead rights.**

Decree of divorce against a wife cut her off from homestead rights in her husband's realty.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by James A. Hale and others against Texanna Kinnaird, formerly Texanna Hale, to redeem lands from mortgage foreclosure sale and to sell the same for division. From a decree sustaining demurrers to the bill, complainants appeal. Reversed and remanded.

R. B. Kelly, of Birmingham, and J. B. Atkinson, of Clanton, for appellants.

There was equity in the bill. 200 Ala. 596, 76 South. 954. The lands described were not the homestead of the minor complainant. 200 Ala. 596, 76 South. 954; 128 Ala. 649, 30 South. 630; 76 Ala. 414; 45 N. J. Eq. 77, 17 Atl. 570; 23 Cyc. 818, 905, and 1073; 173 Ala. 148, 55 South. 781; 145 Ala. 449, 40 South. 402; 52 Ala. 589; 7 Ala. 362; 91 Ala. 375, 8 South. 290. The wife, having been divorced, was not entitled to homestead or dower. Authorities supra.

William F. Spencer and Haley & Haley, all of Birmingham, for appellee.

No brief came to the Reporter.

SAYRE, J. The original bill in this cause was filed by and on behalf of the children of William H. Hale, deceased, two of whom were minors, and sought, as stated on former appeal (200 Ala. 596, 76 South. 954), to redeem from the defendant, the surviving, but, as the court held, the divorced, wife of William H. Hale, certain real estate which had been sold under the power of sale contained in a mortgage executed by Hale and his then wife long before his death and had been purchased at the foreclosure by the defendant. After the decree on former appeal, Hattie Hale, one of the infants in whose behalf the bill had been filed, died, and her interest descended to the surviving complainants and the defendant in equal parts. The prayer of the bill, as amended to meet the new condition thus established, was, in effect, that the interests of the parties be determined, that complainants be allowed to redeem, that defendant be required to contribute to the redemption fund, which we take to be tantamount to a prayer that the amount of the fund necessary to redemption be reduced pro rata, and that the land be sold in order that the estate of William H. Hale, deceased, may be fully settled and distributed among the parties, there being no creditors. Defendant demurred to the bill as amended, and to each paragraph thereof, assigning for grounds of demurrer that there was no equity in the bill, and, to state other grounds in short, that no sale of the homestead could be decreed pending the minority of one of the surviving children. The demurrer was sustained, and complainants have appealed.

[1, 2] The bill was so framed that the demurrer cannot be made effective against any paragraph, and the demurrer was sustained, as we understand, to the bill as a whole on the ground stated in the second place above. All parties treat the mortgage as valid and defendant's foreclosure title as a valid subsisting title. We assume, therefore, that the title secured by defendant through the foreclosure is superior to any homestead right in the premises. This left in the original complainants nothing but the right to redeem; but this right, under the statute of this time, is descendible; and upon the death of Hattie Hale an interest in her right descended to defendant, and we think complainants in their amended bill gave full and proper effect to her right thus acquired. It follows that there are no homestead rights to interfere with a sale of the property for distribution—it was so held on the former appeal —and, for that matter, under the averments of the bill, complainants are not in the enjoyment of the premises as a homestead. The decree of divorce against defendant cut her off from homestead rights, nor was her status in that respect improved by her inheritance from Hattie Hale, for the reason,

already stated, that the mortgage was superior. Our conclusion is that the demurrer should have been overruled.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.