32 So.2d 219

ALABAMA POWER CO. v. RAY.

6 Div. 604.

Supreme Court of Alabama.

Oct. 16, 1947.

569

McQueen & McQueen, of Tuscaloosa, and Martin, Turner & McWhorter and Alvin W. Vogtle, Jr., all of Birmingham, for appellant.

**570**

Davis & Bealle, of Tuscaloosa, for appellee.

STAKELY, Justice.

This is a suit brought by A. M. Ray (appellee) against Alabama Power Company, a corporation (appellant), for injuries alleged to have been received by the plaintiff while riding as a passenger on a bus of the defendant in the City of Tuscaloosa on November 24, 1945. There was verdict and judgment for the plaintiff and hence this appeal.

Assignment 15. This assignment is predicated upon the court's refusal to give the affirmative charge requested in writing by the defendant. The proof tended to show that the plaintiff, aged 65, boarded the defendant's bus, paid his passenger's fare and proceeded toward the rear of the bus. When he was about two steps in the rear of the money receptacle, the bus, which had just begun to move, was stopped with the result that plaintiff was thrown against the money receptacle. The bus had stopped at a regular bus stop at the intersection of Greensboro Avenue and Broad Street to pick up passengers. After the door of the bus had been closed, the bus proceeded west along Broad Street straight ahead. The bus had moved only 4 to 6 feet and was going very slowly when the bus was stopped.

It had not reached the white line marking the eastern side of the passageway for pedestrians across Broad Street. The bus was stopped when one Moss, who was blind in one eye, and who was driving a car close to the bus on the left of the bus, turned his car to the right across the path of the bus. The car, which was moving at a speed of ten to fifteen miles per hour, collided with the bus. The back fender of the car caught the corner of the bumper of the bus.

■ It is earnestly insisted that the cause of the collision was not the negligence of the bus driver but that of another person, the driver of the car, who created an emergency in which the bus driver acted in the only way possible for an ordinarily prudent person to act. Lyons v. Southeastern Greyhound Lines, 282 Ky. 106, 137 S.W.2d 1107; 10 Am.Jur. § 1344, p. 814. Furthermore it is claimed that one driving along the highway may assume that others so using the thoroughfare will observe the "law of the road." In the present case, this would mean that it could be assumed that Moss, the driver of the car, would not begin his turn until he reached the intersection. L. Hammel Dry Goods Co. v. Hinton, 216 Ala. 127, 112 So. 638; § 12 et seq., Title 36, Code of 1940.

In this connection we quote from the testimony of the bus driver as shown by the record.

"Q. Before you started that bus now did you look in your rear mirror or back there to see if the lane of traffic was coming along there? A. Yes, sir.

"Q. The light was a 'go' sign was it? A. Yes, sir.

"Q. The traffic was moving? A. Uh, huh.

"Q. Did you see Mr. Moss then? A. Yes, sir.

"Q. And then you saw Mr. Moss, and what was his position at that time? A. He was at the side of the bus.

"Q. He was at the side of the bus and you saw him at the side of the bus and at that time by him being so close to you gave you an indication that he was going to turn to the right in front of you? A. That's right.

"Q. That's right, now, isn't it? A. Yes, sir.

"Q. Still you started your bus? A. That's right. * * *"

The court acted correctly in refusing the affirmative charge.

■ Assignments 14 and 17. Assignment 17 is predicated upon the court's refusal to give to the jury charge B, requested by the appellant, as follows:

"B. I charge you, gentlemen of the jury, that if you believe the evidence in this case, the plaintiff is not entitled to recover any damages for, or on account of, any loss of time or any loss of crops."

Assignment 14 is based upon a part of the court's oral charge to the jury wherein the court in substance stated to the jury that if appellee had suffered damages by loss of time from his work, he would be entitled to recover for such loss of time.

The proof tended to show that appellee was a farmer and after receiving his alleged injury, was unable to do any work at all for four weeks and at the time of trial was unable to do heavy work. The only evidence connected with the value of appellee's loss of time was evidence to the effect that two or three hundred pounds of seed cotton or "scrappings" on his farm remained unpicked as a result of his alleged injury. There was no evidence as to the value of such cotton.

There was no error in refusing charge B because charge B pretermitted the plaintiff's right to recover nominal damages for loss of time. Walker County v. Davis, 221 Ala. 195, 128 So. 144. In order to require the court to explain or supplement the oral charge with reference to recovery for loss of time and thus cure the omission in failing to charge on nominal damages, the appellant requested in writing charge C, which in effect limited the plaintiff to recovery of nominal damages for loss of time or loss of crops. The court refused charge C. Accordingly the omission in the oral charge was not cured. Gray v. Cooper, 216 Ala. 684, 114 So. 139.

■ Assignments 10 and 11. Assignment 10 is based upon the action of the court in sustaining appellee's objection to the introduction in evidence by appellant of a card signed by J. J. Moss, appellant's witness, giving his name and address and containing the following:

"In your opinion whose fault:

"I hereby certify that the above accident was not the driver fault (Myron Duncan). I cut in front to quick."

Assignment 11 is predicated upon the ruling of the court sustaining appellee's objection to the following question asked appellant's witness J. J. Moss.

"Q. Mr. Moss, do you recall having told the driver that accident was all your fault, that you tried to turn too quick"?

It is claimed by appellant that these alleged statements were admissible as being part of the res gestae or as declarations against interest. The proof shows that after the accident the bus driver stopped the bus and then the bus driver got up and asked if anybody on the bus was hurt. He received no answer. He then got his pencil and some cards, with which busses are equipped "for injuries," and walked to where J. J. Moss had driven on Broad Street about 75 feet around the corner from the bus. He talked to J. J. Moss and got the information from him and put it on the card, which J. J. Moss signed. In addition to the foregoing statement, it showed the date of the accident, the name of J. J. Moss, his home address, home phone and business address. All of this took place in about five minutes after the accident. But as we read the record, in making his statement, J. J. Moss was merely giving a narrative of a transaction which was really and substantially past. We do not consider the statements a part of the res gestae. Alabama Great S. R. Co. v. Hawk, 72 Ala. 112, 47 Am.Rep. 403; Birmingham Electric Co. v. Mealing, 214 Ala. 597, 108 So. 511; McCray v. Sharpe, 188 Ala. 375, 66 So. 441; Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 80 So. 470; C. C. Snyder Cigar & Tobacco Co. v. Stutts, 214 Ala. 132, 107 So. 73.

■■ Were the alleged statements admissible as declarations against interest? It is important to keep in mind the distinc-

tion between admissions and declarations against interest. 31 C.J.S., Evidence, § 217, p. 959. The alleged statements are not admissible as admissions, because J. J. Moss is neither a party to the action nor identified in legal interest with a party to the action. The alleged statements are not admissible as declarations against interest, because a declaration against interest being in the nature of secondary evidence is receivable only when the declarant is unavailable as a witness. Humes v. O'Bryan & Washington, 74 Ala. 64; Alverson v. Little Cahaba Coal Co., 201 Ala. 123, 77 So. 547; 31 C.J.S., Evidence, § 217, pp. 958—960; 20 Am.Jur. § 556, p. 467. J. J. Moss appeared as a witness in the case. The court acted correctly in this regard.

For the error pointed out the judgment of the court is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.