143 So.2d 191

Cliff BAXTER

v.

STATE.

8 Div. 804.

Court of Appeals of Alabama.

Jan. 23, 1962.

Rehearing Denied Feb. 27, 1962.

————◆———

Lusk & Lusk, Guntersville, for appellant.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Tommy R. Ogletree, Legal Research Aide, Montgomery, for the State.

CATES, Judge.

On August 20, 1960, E. A. McGee swore and subscribed to a complaint that "within twelve months before making this affidavit * * * Baxter * * * did Assault Mrs. Juddie McGee."

The only testimony as to the time of the alleged assault is that Mrs. McGee saw the defendant on "August 29." This testimony contradicts the complaint.

534

534 The Attorney General has sought in this court to correct "August 29" in Mrs. McGee's testimony to read "August 20." An affidavit of the court reporter that her shorthand notes show the date as August 20, 1960, is exhibited with the State's motion.

 Act No. 461, July 12, 1943, as amended, provides for the filing of a transcript of evidence in lieu of a bill of exceptions. Upon the court reporter's filing the transcript of the evidence with the circuit clerk, either party has ten days to file objections so as to have the trial judge settle any discrepancies therein. Amended § 2, Act No. 461, supra, in Act No. 886, September 12, 1951; Michie's 1958 Code, T. 7, § 827(1a).

The section in question says:

"* * * If no objections are filed within such ten (10) days the transcript shall be conclusively presumed to be correct. * * *" Section 2, supra, 3rd sentence.

The transcript of the evidence, while becoming a part of the record on appeal, is, nevertheless, thereby made infallible by the passage of the ten days, supra, without objection. Wanninger v. Lange, 268 Ala. 402, 108 So.2d 331.

 A conclusive or irrebuttable presumption is an absolute inference established by law, one "which the law unhesitatingly requires to be drawn from given facts." Shealy & Finn v. Edwards, 75 Ala. 411. Evidence is not admissible to contradict it. Heiner v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772; Wigmore, Evidence (3d Ed.), § 2492; Jones on Evidence (5th Ed.), § 11. While a rebuttable presumption may be overcome by proof, a conclusive one is usually looked on as setting up a rule not of evidence but of substantive law. Commissioner of Internal Revenue v. Clark, 7 Cir., 202 F.2d 94; Ellis v. Henderson, 5 Cir., 204 F.2d 173; Ex parte Gude & Co., 213 Ala. 584, 105 So. 657. See also n. 2, p. 1132, Cooley's Blackstone (4th Ed.), under iii Bl.Com. 371.

 The transcript contains no other testimony as to the time of Baxter's alleged offense. Hence, we are not free to say the court reporter's transcription is corrected by other record evidence.

Accordingly, the motion of the Attorney General for leave to petition the Marshall County Court to correct the record to change the date given in Mrs. McGee's testimony must be denied.

The judgment of the court below is reversed and the cause there remanded.

Reversed and remanded.