145 So.2d 805

**Evelyn PACKARD**

v.

**GULF DEVELOPMENT COMPANY, Inc.**

**I Div. 38.**

Supreme Court of Alabama.

Oct. 18, 1962.

M. A. Marsal, Mobile, for appellant.

Lyons, Pipes & Cook, Mobile, for appellee.

SIMPSON, Justice.

Appellee contends that appellant's brief does not comply with Rule 9, Rules of Practice of the Supreme Court of Alabama, Title 7, Appendix, Code of Alabama 1940; and that the cause be affirmed because appellant has waived assignments of error.

Appellant is apparently insisting in his argument that the evidence presented a prima facie case, and the lower court should have allowed the case to go to the jury. The brief, however, entirely omits a "Statement of Facts", as is required by Rule 9(b), supra, although reversal is sought on the ground that the evidence was sufficient to go to the jury. Furthermore, nowhere in appellant's brief is made mention of any evidence or facts, nor are we referred to any specific page of the transcript to substantiate his view. In two instances, appellant refers us to the whole record. No specific mention is made of any assignment of error, but only the mere assertion of some broad general concepts with no attempt to apply those principles to the case at bar; here again appellant falls short of compliance with Rule 9, supra, in violation of (d). Appellant's "Statement of the Case" does not call the court's attention to any specific ruling of the trial court, nor does it refer us to any page of the transcript, and could not fully present "every error and exception relied upon".

■ We are mindful that these rules of practice are to be liberally construed if there has been a substantial compliance— Wilson v. McClendon, 259 Ala. 382, 66 So. 2d 924; Ogburn-Griffin Grocery Co. v. Orient Insurance Co., 188 Ala. 218, 66 So. 434; Brandon v. National Surety Corp., 36 Ala. App. 571, 60 So.2d 859; and it is always with great reluctance that we invoke the rules, but here we deem it necessary to invoke the dictates of Rule 9, supra.

■ The late Chief Justice Gardner in Ogburn-Griffin Grocery Co. v. Orient Insurance Co., supra, expressed the purpose of the rule (now Rule 9) most aptly:

"But we cannot permit them to be ignored or entirely disregarded, however innocently, for they were framed and adopted to facilitate business and be an aid to the court in its prompt and orderly disposition, a result in which the profession and those whom it represents are greatly interested. If

the rule is to be enforced at all, and even as construed most liberally, we are of the opinion that in this case we should consider the remaining assignments of error as waived, for the reasons above assigned."

If we condoned appellant's disregard it would in effect destroy and nullify the rule. Brandon v. National Surety Corp., supra. The substance of the rule can be preserved only by enforcement, and we think it worth preserving. Perry & Son v. Harrison, 24 Ala.App. 356, 135 So. 409.

■ Appellant made no attempt to relate any argument to the assignments of error: he made only inferential reference thereto, without setting forth any evidence or fact which would sustain any of his assertions. There being no discussion of the evidence we do not know on what he relies in making up his prima facie case. It is clear that where our attention is not directed to what is deemed error, we do not have to "search the record and cast about for errors" not set out specifically in the brief. Dudley Bros. Lumber Co. v. Long, 268 Ala. 565, 109 So.2d 684; Rule 9(c) and (d), supra. The general propositions argued in brief must be related to rulings assigned as error. As we stated in Suits v. Glover, 260 Ala. 449, 450, 71 So.2d 49, 50, 43 A.L.R.2d 465:

"And the brief is insufficient which makes some general propositions but which fails to make specific application to the ruling assigned as error, as the Court cannot be put to a search for error not specifically assigned and argued in brief. Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 87 So. 97."

As we noted earlier, appellant fails to relate any argument whatsoever to the evidence, and as his contention is that the evidence was sufficient to go to the jury this is a clear violation of Rule 9(d), supra.

We have on occasion condoned non-compliance with the rule when the record is short and simple, and a strict compliance

with the rule was deemed unnecessary to an understanding of the assignments of error. City of Montgomery v. Mott, 266 Ala. 422, 96 So.2d 766. But here the record consists of some 159 pages, which includes the testimony of eight witnesses and some twenty-three exhibits. Noncompliance with Rule 9, supra, in the instant case, puts such an insurmountable burden on the court that we cannot entertain a review without the aid of ample argument.

We accordingly hold that all assignments of error having been waived, the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.