174 So.2d 791

**UNITED SECURITY LIFE INSURANCE COMPANY**

v.

**Janice A. GODDARD.**

**4 Div. 503.**

Court of Appeals of Alabama.

March 23, 1965.

Rehearing Denied May 4, 1965.

S. P. Keith, Jr., Birmingham, for appellant.

Tipler & Fuller, Andalusia, for appellee.

CATES, Judge.

This is an appeal in a civil action on an insurance policy for indemnity for hospital expense and expenses of surgery incurred while hospitalized. The judgment was based on a verdict in favor of appellee for $245.00 to be recovered from appellant.

The defense rested on a plea in short with consent.

### I.

#### Matter Omitted from the Record

#### A.

Appellee would add a stipulation that "the defense on the trial of this case was to be limited to the sole question of whether the condition or illness resulting in the Plaintiff's hospitalization and treatment pre-existed the effective date of the policy made the basis of this suit." Though this stipulation was made in open court, it was omitted from the record and an affidavit of the judge was attached in brief which sets forth the stipulation.

Appellant rejects the effect of this sought for emendation.

Supreme Court Rule 20 and Circuit Court Rule 14 require, since no written memorial was signed by the appellant, that we ignore the suggestion of such a stipulation. Baxter v. State, 41 Ala.App. 533, 143 So.2d 191, prevents us from adverting to the affidavit.

#### B.

The clerk, without any order of the court, has sent up apart from the record an envelope certified "that the within exhibits were offered in evidence in the cause hereon styled."

Supreme Court Rule 22 (Rev.) reads:

"Whenever it shall, in the opinion of the judge of any court, be necessary or proper that original papers of any kind should be inspected in the supreme

court, such judge may make such rule or order for the safe keeping, transporting, and return of such original papers as to him may seem proper; and such papers will be considered by the supreme court in connection with the transcript of the proceedings."

Supreme Court Rule 41 (Rev.) reads:

"In preparing the transcript for this court the clerk or register, when the reproduction of documents, such as maps and photographs which were introduced in evidence, is difficult or impracticable, may attach the original as a separate page or pages with the proper certificate and the same shall be considered as a part of the transcript. Or when instruments or objects which have been used as evidence are of such a nature or character as to make it impracticable to attach or incorporate the same in the transcript, counsel or the clerk or register may by proper petition set forth the facts and this court may direct that the same be sent up for inspection and consideration in connection with the transcript."

The original exhibits include the policy made the basis of the suit. The conditions of the policy are relied on in the appellant's plea but appear only by reference, i. e., by leave to offer and give evidentiary matter which might come in if well pleaded.

Supreme Court Rule 23 permits a court reporter "under the provisions of existing laws," to certify that reproduction of an original paper is "difficult or impossible."

The sixth sentence of § 1 of the Act governing transcripts of evidence reads:

" * * * If the reproduction of documents offered in evidence, such as maps or photographs, be difficult or impracticable, the court reporter shall so certify, and the Clerk shall thereupon attach the original, or a photostatic copy thereof, to the transcript on appeal, and such original or photostatic copy thereof shall be a part of the transcript on appeal. * * *" Act No. 97, approved February 9, 1956.

In Maryland Casualty Co. v. Mayfield, 225 Ala. 449, 143 So. 465, the defendant pleaded the general issue in short by consent. The opinion states:

"All of the rulings of the court are related to these contentions, and the presence of the policy contract is essential to an understanding of these rulings."

The questions which could have been raised had the policy been put in the record were held to be "not properly presented for review."

Goodwyn, J., quoted the Mayfield opinion at length with approval in Calvert v. Calvert, 265 Ala. 529, 92 So.2d 891. In Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896, Simpson, J., excluded a title insurance policy—not transcribed—in treating an assignment of error made because the policy was admitted in evidence.

II.

Assignment of error 9 is predicated upon the remark by appellee's counsel in opening to the jury upon conclusion of the testimony. The court reporter has set the matter out as follows:

"In his opening argument to the jury, Mr. Fuller made the following statement; 'The doctor was right here in that room and they didn't call him.'

"WHEREUPON, the following colloquy took place:

"MR. KEITH: We object to any argument about not calling the doctor. We move that part of the argument be excluded.

"THE COURT: Overrule.

"MR. KEITH: We except.

"MR. FULLER (continuing in his argument): 'Wouldn't they have the doctor here telling you the same thing if it were. The burden wasn't on me * * *.'

"MR. KEITH: We object to that, may it please the Court. The plaintiff had an equal opportunity to call the doctor if he wanted to call the doctor * *.

"MR. FULLER: No, I did not. It was not necessary for me to do it.

"MR. KEITH: Any argument made by the plaintiff to the jury in regard to that would be improper, and we move to exclude it.

"THE COURT: Overrule.

"MR. KEITH: We except. May we have a standing objection along the same line in this argument?

"THE COURT: Yes."

The appellant cites City of Birmingham v. Levens, 241 Ala. 47, 200 So. 888, for the proposition that it is improper argument for counsel to refer to the absence of a witness equally accessible to both parties.

Appellee in brief calls our attention to the following which occurred after the plaintiff completed her testimony in chief:

"MR. FULLER: I am going to introduce the interrogatories and answers and then rest.

"MR. KEITH: If the Court please, I want to cross examine the plaintiff before we go into our case.

"MR. FULLER: We will agree to that.

"THE COURT: It is up to you now. If you want to keep the Doctor here it is up to you.

"MR. KEITH: Well, can he come back after lunch?

"THE COURT: That will be between you and Dr. Melton. We had him up here for you to use.

"DR. MELTON: I'll come back.

"THE COURT: All right, sir."

We consider that this latter excerpt from the record supports appellee's argument and negatives the equal opportunity aspect sought to be interjected by the appellant.

It is true that after the noon recess the appellant proceeded to cross examine plaintiff-appellee and at the conclusion of the cross-examination, her counsel proceeded to further direct examination after which there was recross examination, all before the plaintiff rested.

Presumably Dr. Melton either had attended Mrs. Goddard or was to testify as an expert upon hypothetical examination.

Had he attended Mrs. Goddard, it might be that his testimony would have been merely cumulative of hers.

However, in view of the judge's remark that the doctor had come to court for defendant's benefit and plaintiff's counsel's remark clearly referred to his not being used as a witness after the plaintiff had made her case, we consider that the court's refusal to exclude the comment is covered by Supreme Court Rule 45. Marigold Coal, Inc. v. Thames, 274 Ala. 421, 149 So.2d 276; City of Bessemer v. Clowdus, 261 Ala. 388, 74 So.2d 259. Error is not lightly presumed under this rule of no comment.

### III.

Under the Mayfield interpretation of Supreme Court Rules 22, 23 and 41, we are precluded from consideration of all assignments of error except No. 9 which we consider to be lacking in probable injury to any substantial rights of appellant.

Affirmed.

PRICE, P. J., not sitting.

On Motion for Rehearing

CATES, Judge.

IV.

Motion to Strike Brief

April 1, 1965, was the effective date of a further revision of Supreme Court Rule 8. 277 Ala. ——.

Appellant's brief on rehearing was filed April 7. It is subject to three criticisms under Rule 8: (a) it is on paper which is too long, (b) it is bound not "on the side" but at the top; and (c) the margins, instead of being one and one-half inches, are only one inch on the left, a quarter inch on the right, and only an inch and an eighth at the top and at the bottom.

The Supreme Court declares a brief "not substantially conforming to [Revised Rule 8] subject to be stricken."

■ To strike an appellant's brief in a civil case is tantamount to dismissing the appeal. See Packard v. Gulf Development Co., 274 Ala. 126, 145 So.2d 805.

■ To strike a brief on rehearing in this court is cut off review by the Supreme Court. Supreme Court Rules 34 and 39; De Graaf v. State, 34 Ala.App. 137, 37 So.2d 130; Wilkerson v. State, 246 Ala. 542, 21 So.2d 622.

■ The appellee has moved, in writing, that we strike the appellant's application and brief because of noncompliance with the revised version of Rule 8, supra. No ground is specified of substantial nonconformity requiring the brief to be stricken.

We understand that until June 30 (end of 1964–65 Term) the Supreme Court is re-turning briefs on oversize paper for re-copying. Under this practice the date of original filing is undisturbed.

Here, we note that originally this cause was submitted over a year ago (April 16, 1964). Had we been more prompt in deciding it, Revised Rule 8 would have had no bearing. Hence, we deny appellee's motion to strike.

V.

On Merits of Rehearing

A.

■ Law v. Gulf States Steel Co., 229 Ala. 305, 156 So. 835, relating to former Supreme Court Rule 47 governing the make up of a bill of exceptions incorporating maps and photographs, is patently beside the point with respect to an insurance policy.

The insurance policy in this suit has certain statutory standards designed for legibility. § 2, Act No. 597, approved September 18, 1957 (1957 Acts, p. 834). Cf. Anno. 72 A.L.R. 875.

It would seem anomalous that the format and printing of such a statutorily stylized document should result in a court reporter's certificate that its being copied into a transcript of evidence is difficult or impracticable.

B.

We adhere to our former view of Assignment of Error No. 9.

Application overruled.

PRICE, P. J., not sitting.