179 So.2d 94

**Donald V. STINSON**

v.

**STATE.**

**6 Div. 125.**

Court of Appeals of Alabama.

Oct. 5, 1965.

Donald V. Stinson, pro se.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This cause was submitted July 22, 1965.

Stinson appeals from a denial of habeas corpus after an extradition hearing.

Appellant apparently is in demand by the States of Louisiana, Oklahoma and Ohio. Louisiana having filed the earliest request for him with our Governor, the trial judge adjudicated that he should go there.

At page 23 of the record, it appears that on the hearing some of the papers were not at first before the judge. Later, however, State's Exhibit A was admitted in evidence, consisting of, as the circuit clerk's certificate describes it:

"State's Exhibit A—Governor's Warrant and supporting papers for Governor of Alabama's warrant."

Our cases are to the effect that if the State chooses to go beyond the recitals of the rendition warrant of the Governor of Alabama, then the back up papers must make out a prima facie case within the scope of the extradition statute. Code 1940, T. 15, §§ 48–75. See Baugh v. State, 275 Ala. 319, 154 So.2d 674.

We are unable to affirm the judgment below because, though all other papers appear to be in regular form, there is no requisition demand by the Governor of Louisiana in the separate Exhibit A which has been sent up to us. McGahagin v. State, 41 Ala.App. 236, 131 So.2d 425 (no complete signature on requisition).

I.

In United Security Life Ins. Co. v. Goddard, 42 Ala.App. 629, 174 So.2d 791, we stated as follows:

"The clerk, without any order of the court, has sent up apart from the record an envelope certified 'that the within exhibits were offered in evidence in the cause hereon styled.'

"Supreme Court Rule 22 (Rev.) reads:

" 'Whenever it shall, in the opinion of the judge of any court, be necessary or proper that original papers of any kind should be inspected in the supreme court, such judge may make such rule or order for the safe keeping, transporting, and return of such original papers as to him may seem proper; and such papers will be considered by the supreme court in connection with the transcript of the proceedings.'

"Supreme Court Rule 41 (Rev.) reads:

" 'In preparing the transcript for this court the clerk or register, when the reproduction of documents, such as maps and photographs which were introduced in evidence, is difficult or impracticable, may attach the original as a separate page or pages with the proper certificate and the same shall be considered as a part of the transcript. Or when instruments or objects which have been used as evidence are of such a nature or character as to make it impracticable to attach or incorporate the same in the transcript, counsel or the clerk or register may by proper petition set forth the facts and this court may direct that the same be sent up for inspection and consideration in connection with the transcript.'

"The original exhibits include the policy made the basis of the suit. The conditions of the policy are relied on in the appellant's plea but appear only by reference, i. e., by leave to offer

and give evidentiary matter which might come in if well pleaded.

"Supreme Court Rule 23 permits a court reporter 'under the provisions of existing laws,' to certify that reproduction of an original paper is 'difficult or impossible.'

"The sixth sentence of § 1 of the Act governing transcripts of evidence reads:

" ' * * * If the reproduction of documents offered in evidence, such as maps or photographs, be difficult or impracticable, the court reporter shall so certify, and the Clerk shall thereupon attach the original, or a photostatic copy therof, to the transcript on appeal, and such original or photostatic copy thereof shall be a part of the transcript on appeal. * * *' Act No. 97, approved February 9, 1956.

"In Maryland Casualty Co. v. Mayfield, 225 Ala. 449, 143 So. 465, the defendant pleaded the general issue in short by consent. The opinion states:

" 'All of the rulings of the court are related to these contentions, and the presence of the policy contract is essential to an understanding of these rulings.'

"The questions which could have been raised had the policy been put in the record were held to be 'not properly presented for review.'

"Goodwyn, J., quoted the Mayfield opinion at length with approval in Calvert v. Calvert, 265 Ala. 529, 92 So.2d 891. In Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896, Simpson, J., excluded a title insurance policy— not transcribed—in treating an assignment of error made because the policy was admitted in evidence."

## II.

Unlike the exhibits in Goddard, one of the papers of instant concern has attached to it a police photograph. The remainder of the documents were capable of being transcribed.

■ To disregard the separate Exhibit A sent up by the clerk which should have been copied into the transcript of testimony, would not dispose of the controversy here because there is no doctrine of res judicata in habeas corpus. Accordingly, we will overlook the deficiencies though we do not do so in an ordinary civil appeal.

■ The omission of the requisition from the Governor of Louisiana is a hiatus in proof so extensive that we must reverse and remand on the authority of Kelley v. State, 30 Ala.App. 21, 200 So. 115 (wherein the only document executed by the Governor and attested by the Secretary of State of the demanding state was virtually that which is before us), and upon the authority of Meadows v. State, 38 Ala.App. 319, 82 So.2d 811, where a somewhat similar lack of proof occurred.

Code 1940, T. 15, § 50, commences (including catchline:

"§ 50. Form of demand.—No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing and accompanied by * * *."

Reversed and remanded.