200 So.2d 652

Naomi EDMONDSON

v.

Hugh EDMONDSON.

7 Div. 755.

Supreme Court of Alabama.

June 22, 1967.

Loma B. Beaty, Fort Payne, for appellant.

Beck & Beck, Fort Payne, for appellee.

SIMPSON, Justice.

This appeal must be dismissed for the following reason: The appellant's brief fails totally to comply with Rule 8(9) of this court which became effective on April 1, 1965.

Under that rule this court, for the expeditious handling of its business, prescribed rules governing the forms and lengths of brief. In no particular does the appellant's brief comply. For example, it is on legal size paper; it is not bound on the side, but at the top; it has insufficient margins on the left and almost none at all on the right. Further, the argument is contained in approximately one-third of a page and cites no authority, no reference to any page numbers in the transcript, and in fact wholly fails to inform the court wherein the court erred.

The complete failure to comply with Rule 1 of this court requires dismissal. The appellant has assigned some seven errors but none of the assignments refer to any "page or pages of the transcript of the record on which the ruling complained of is recorded".

We have been most reluctant to invoke the rules of the court and have construed them as liberally as possible to avoid dismissing appeals based upon non-compliance, particularly where there is substantial compliance. However, as noted by the late Chief Justice Gardner in Ogburn-Griffin Grocery Co. v. Orient Insurance Co., 188 Ala. 218, 66 So. 434:

"But we cannot permit them to be ignored or entirely disregarded, however innocently, for they were framed and adopted to facilitate business and be an aid to the court in its prompt and orderly disposition, a result in which the profession and those whom it represents are greatly interested. If the rule is to be enforced at all, and even as construed most liberally, we are of the opinion that in this case we should consider the remaining assignments of error as waived, for the reasons above assigned."

See Packard v. Gulf Development Company, Inc., 274 Ala. 126, 145 So.2d 805.

In this case there is a total disregard of the rules. In argument appellant completely fails to relate any part of the brief and argument to any assignment of error. In fact, his total argument consists of the following:

"The Appellant would show to this Court that the DeKalb County Circuit Court, In Equity Sitting, erred when it failed to award the appellant the full right title and interest in the property owned jointly by appellant and appellee, and further erred in decreeing that the annual mortgage installments were to be paid out of the rents and income earned by the appellant from said property, and further compounded the error in overruling the Complainant's motion for rehearing, and taxing the cost of the rehearing against the Appellant.

"The accumulating of a property interest by a woman for a divorced husband through her labors and efforts, in sustaining a living, is without judicial presidence [sic] and judicial conscience in the State of Alabama.

"It is respectfully submitted that this case should be reversed and remanded as it pertains to the property settlement, for the grevious errors comitted [sic] by the Court in the final decree, and decree denying a rehearing for the Appellant."

As noted, we very reluctantly invoke the court's rules where there has been sub-

stantial compliance with them. However, we are acutely aware of our responsibility in promptly handling cases appealed to this court and the interest of the entire bar in expeditious treatment of cases here pending. To promote this result, we have adopted rules which will facilitate that end. If we completely ignore them and take it upon ourselves to examine the entire record in a case where no reference is made to specific error complained of, the entire purpose of the rules will have been defeated.

 Under the state of the case before us and the complete failure to comply with Rule 1 and Rule 8(9), we find too great a burden placed on the court and we cannot entertain review of this case. We must hold that all assignments of error have been waived and that the judgment of the lower court is affirmed.—See Woods v. City of Tuscaloosa, 43 Ala.App. 626, 198 So.2d 306.

Appeal dismissed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.