214 So.2d 558

**THOMPSON TRACTOR COMPANY**

**v.**

**Nora Irene COBB, as Administratrix.**

**SOUTHEASTERN COAL AND
IRON COMPANY**

**v.**

**Nora Irene COBB, as Administratrix.**

**6 Div. 288, 292.**

Supreme Court of Alabama.

Sept. 26, 1968.

McCoy Davidson, of Dominick, Roberts & Davidson, Tuscaloosa, for Southeastern Coal & Iron Co.

Mize, Spiro & Phelps, Tuscaloosa, and Spain, Gillon, Riley, Tate & Ansley, Birmingham, for Thompson Tractor Co.

deGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for appellee.

LAWSON, Justice.

These are appeals from a judgment of the Circuit Court of Tuscaloosa County.

As amended, the complaint was one wherein Nora Irene Cobb, as administratrix of the estate of Burmon Hurlen Cobb, deceased, was the plaintiff and Thompson Tractor Company, a corporation, and Southeastern Coal and Iron Company, a corporation, were the defendants.

The case went to the jury on plaintiff's Counts One A and Three and on pleas of the general issue in short by consent in the usual form, which the defendants filed separately.

The jury returned a verdict in favor of the plaintiff against both defendants in the amount of $22,500. Judgment was in accord with the verdict. The defendants filed separate motions for a new trial, which motions were overruled. Thereafter the defendants perfected separate appeals to this court. The appeal of Thompson Tractor Company, a corporation, hereinafter referred to as Thompson, was docketed here as 6 Div. 288 and the appeal of Southeastern Coal and Iron Company, a corporation, hereinafter referred to as Southeastern, was docketed as 6 Div. 292. However, the cases in this court have been consolidated and only one record was filed here. But Southeastern and Thompson have made separate assignments of error and have filed separate briefs.

Submission in this court was on motions and merits.

### Motions

Appellee filed originally a motion to strike the briefs of both appellants on the ground that "Said briefs filed by said appellants exceed the number of pages allowed under Rule 8(9) of the Revised Rules of the Supreme Court of Alabama that became effective April 1, 1965."

Supreme Court Rule 8(9), supra, reads in part:

"* * * Unless authorized by order of this court, the length of appellant's brief shall not exceed fifty pages, not counting cover, index, list of authorities other than authorities listed under 'Propositions of Law,' *or a condensed recital in narrative form of the evidence given by each witness where insufficiency of the evidence to sustain the verdict or finding is assigned.* * * *" (Emphasis supplied.)

The original brief of Southeastern contains fifty-four pages and that of Thompson sixty-six pages. In their original briefs both appellants argue their assignments of error to the effect that the evidence was insufficient to sustain the verdict and both briefs contain "a condensed recital in narrative form of the evidence" in sections of the briefs which bear the caption "Statement of the Facts." When the pages of the briefs devoted to a recital of the evidence are deducted from the number of pages in the briefs, neither brief, that of Southeastern nor that of Thompson, runs counter to the provisions of Supreme Court Rule 8(9). Hence, the first motion filed by appellee to strike the briefs of the appellants is denied.

■ Appellee subsequently filed an "Amendment to Motion to Strike Appellant, Southeastern Coal and Iron Company's, Brief." The "Amendment to Motion * * *" to strike Southeastern's original brief seems to be based on two grounds, the first of which is to the effect that said brief does not comply in the section bearing the caption "Statement of the Facts" with Supreme Court Rule 9(10), in that except in one instance there is no reference to the pages of the transcript. As here pertinent, Supreme Court Rule 9(10) provides:

"Appellant's brief under separate headings shall contain: * * * (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, *referring to the pages of the transcript* * * *." (Emphasis supplied.)

We are not willing to strike Southeastern's brief on the ground that there is only one reference to page numbers of the transcript of the record in the section of the brief captioned "Statement of the Facts." No case is cited where this court has ever taken such drastic action and we have found no such case.

Although it is not cited, we feel that we should comment on the case of Edmondson v. Edmondson, 281 Ala. 191, 200 So.2d 652, where the appeal was dismissed. A reading of the opinion in that case shows that our action in dismissing the appeal was based on the fact that the brief filed on behalf of appellant did not comply *in any particular* with Supreme Court Rule 8(9) or with Supreme Court Rule 1 as amended on March 21, 1966. The amendment to Supreme Court Rule 1 added the provision which reads: "* * * and each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded."

True, in delineating the numerous shortcomings of appellant's brief it was observed in Edmondson v. Edmondson, supra, that there was "no reference to any page numbers in the transcript." But it is clear that the dismissal of the appeal in *Edmondson* was not grounded on that fact alone. Actually, *Edmondson* makes no express reference to Supreme Court Rule 9(10), although it is that rule which provides for reference to be made to pages of the transcript of the record. The holding in *Edmondson* must be viewed in the light of statements in the opinion that appellant's brief in that case "fails totally to comply with Rule 8(9)" and in the light of the further statement in the opinion that "The complete failure to comply with Rule 1 of this court requires dismissal."

Although Southeastern's original brief is not, in our opinion, subject to being stricken

on the ground here under consideration, we leave for future determination the question as to whether an appellant's failure to refer to the pages of the transcript where the recited evidence is to be found affects appellant's right to have us consider the contention that appellant was entitled to an affirmative instruction, or a contention to the effect that the evidence was not sufficient to support the verdict.

The second ground of appellee's "Amendment to Motion to Strike" Southeastern's original brief is that:

"* * * in determining whether Brief of Appellant, Southeastern Coal and Iron Company exceeds the number of pages allowed under Rule 8(9) of the Revised Rules of the Supreme Court of Alabama, effective as of April 1, 1965, this Honorable Court should *include* and not *exclude* those pages under the heading 'Statement of the Case' wherein Appellant recites the testimony of evidence relied upon to support its contention that the evidence in the case was insufficent to support the verdict of the jury as to this appellant. * * *"

Frankly, we are not certain that we understand the point which counsel for appellee attempts to make in the language just quoted. Southeastern's original brief contains fifty-four pages, twenty-nine of which are devoted to a recital of the evidence under the heading "Statement of the Facts" and are therefore deductible in determining whether the brief exceeds the fifty page limit prescribed by Supreme Court Rule 8(9). The remainder of the brief consists of only twenty-five pages. If we say that the references to testimony and evidence included in the "Statement of the Case" section of Southeastern's original brief should be considered as a part of the section captioned "Statement of the Facts," then the deductible pages would be increased, not decreased.

We hold that appellee's motions to strike the briefs of appellants are without merit and those motions are denied.

## On the Merits

We will consider first those assignments of error made by Southeastern argued in its brief which we think need to be treated on this appeal.

■ Southeastern argues that the trial court erred in overruling those grounds of its demurrer directed to Count One A of the complaint which took the point that the complaint fails to allege sufficient facts to show that the Workmen's Compensation Law of Alabama (Title 26, § 253 et seq., Code 1940) does not apply.

In Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787, this court considered whether or not a complaint by an employee against his employer is required to show that the case was not under the Workmen's Compensation Law and stated the rule as follows:

"We therefore hold that when a suit is brought by an employee against the employer for injuries arising since the Workmen's Compensation Law became effective, the complaint should conform to said law, *else set up a state of facts* showing the inapplicability of same and bringing it within the influence of the law upon which the complaint is grounded and upon which reliance is had for a recovery." (Emphasis supplied.)   205 Ala. 103, 87 So. 789.

In the recent case of Bell v. Brooks, 270 Ala. 691, 121 So.2d 911, neither count of the complaint "set up a state of facts" showing the inapplicability of the Workmen's Compensation Law but it did conclude with the following statement: "The Plaintiff avers that at the time of the accident the Defendant did not come within the provisions of the Alabama Workmen's Compensation law." The trial court sustained a demurrer to the complaint and because of that ruling the plaintiff took a nonsuit and appealed to this court. We affirmed. After referring to the rule of the *Steagall* case and after citing some of the cases which have approved that rule,

we said in the opinion in the *Bell* case in part as follows:

"In the instant case, neither count of the amended complaint even attempts to comply by its averments with the requirements of the Workmen's Compensation Law, § 304, Title 26, Code 1940. The complaint should conform to the statute or should state facts showing that it did not apply. Kasulka v. Louisville & N. R. Co., supra [213 Ala. 463, 105 So. 187].

"There is no allegation of fact in the instant complaint to negative the applicability of the Workmen's Compensation Law. There is an averment as a conclusion that defendant did not come within that statute, but statement of a conclusion is not sufficient. Facts must be alleged."

Count One A reads:

"Plaintiff, Nora Irene Cobb, as Administratrix of the Estate of Burmon Hurlen Cobb, deceased, claims of the defendants the sum of Two Hundred Thousand Dollars ($200,000.00) as damages, for that heretofore on to-wit, December 14, 1962, plaintiff's intestate was an employee of the defendant Southeastern Coal and Iron Company, a corporation; plaintiff avers that on said date her intestate was not being directly paid wages by the defendant, Southeastern Coal and Iron Company, and that said defendant was not the employer of her intestate at said time within the meaning of the Workmen's Compensation Act of Alabama; plaintiff avers that her intestate's duties to the defendant, Southeastern Coal and Iron Company, included the maintenance of heavy motorized mining equipment, and plaintiff avers that on or before December 14, 1962, the defendant, Thompson Tractor Company, a corporation, for a valuable consideration, had agreed with the defendant, Southeastern Coal and Iron Company to provide to plaintiff's intestate safe tools, appliances and equipment necessary to maintain said equipment located at the defendant South-

eastern Coal and Iron Company's premises at Dudley in Tuscaloosa County, Alabama; plaintiff avers that her intestate on said date was engaged at said place and was acting within the line and scope of his employment by the defendant Southeastern Coal and Iron Company in repairing equipment of the defendant Southeastern Coal and Iron Company located at said place; plaintiff avers that at said time and place the defendant, Southeastern Coal and Iron Company and the defendant, Thompson Tractor Company, negligently failed to provide reasonably safe tools, appliances or equipment to plaintiff's intestate to do and perform the work of repairing said equipment; and plaintiff avers that as a proximate consequence of the said negligence of the defendants, the fuel tank of defendant, Southeastern Coal and Iron Company, motor tractor exploded causing plaintiff's intestate to catch fire and to be severely burned about his entire body, and plaintiff avers that her intestate, as a proximate consequence of the said negligence of the said defendants, burned to death at said time and place, all to the great damage of plaintiff in the aforesaid sum."

■ We entertain the view that Count One A was subject to the ground of Southeastern's demurrer presently under consideration in that said count does not "set up a state of facts" showing the inapplicability of the Workmen's Compensation Law. The averment in said count "that on said date her intestate was not being directly paid wages by the defendant," Southeastern is, in our opinion, but a conclusion of the plaintiff when the count is construed most strongly against her, as it must be on demurrer.

True, § 262, Title 26, Code 1940, as amended, a part of the Workmen's Compensation Law of this state, bearing the caption "Words and phrases defined," contains the following definition: "(d) The term 'employer' as used herein shall mean every person not excluded by section 263 of this

title who employs another to perform a service for hire and to whom the 'employer' *directly pays wages* * * *." (Emphasis supplied.) But we do not think a complaint or a count thereof which shows on its face that an employee seeks to recover damages from his employer sufficiently shows the inapplicability of the Workmen's Compensation Law by only alleging that on the date of the injury to the employee he was not directly being paid wages by the defendant. Facts should be alleged going to show why such a condition existed. For aught appearing in Count One A, plaintiff's intestate could have actually been employed and paid by an employee of Southeastern, in which event he would have been an employee of Southeastern within the meaning of the Workmen's Compensation Law. See Weeks v. C. L. Dickert Lumber Co., 270 Ala. 713, 121 So.2d 894; Riddle v. Smith, 252 Ala. 369, 41 So.2d 288; W. P. Brown & Sons Lumber Co. v. Crossley, 230 Ala. 403, 161 So. 536, 538, and cases cited.

Southeastern also contends that Count Three, which will be hereafter set out, was also subject to the ground of its demurrer which took the point that said count does not "set up a state of facts" showing the inapplicability of the Workmen's Compensation Law. Count Three, in our opinion, was subject to such ground of the demurrer because it, like Count One A, does not set up a state of facts showing the inapplicability of the Workmen's Compensation Law.

Count Three reads:

"Plaintiff, Nora Irene Cobb, as Administratrix of the estate of Burmon Hurlen Cobb, deceased, claims of the defendants the sum of Two Hundred Thousand Dollars ($200,000.00) as damages, for that heretofore on to-wit, December 14, 1962, plaintiff's intestate was an employee of the defendant, Southeastern Coal and Iron Company, a corporation; plaintiff avers that on said date her intestate was not being directly paid wages by the defendant, Southeastern Coal and Iron Company, and that said defendant was not the employer of her intestate at said time within the meaning of the Workmen's Compensation Act of Alabama; plaintiff avers that her intestate's duties to the defendant, Southeastern Coal and Iron Company, included the maintenance of heavy motorized equipment belonging to said defendant, and plaintiff avers that on and prior to December 14, 1962, the defendant, Thompson Tractor Company, a corporation, for a valuable consideration, had agreed with the defendant Southeastern Coal and Iron Company, to provide to the said defendants the services of a master diesel mechanic trained in the proper and safe use of equipment and methods employed to repair heavy motorized equipment to repair and maintain the defendant, Southeastern Coal and Iron Company's heavy motorized equipment located at said defendant's strip ore mine at Dudley, Alabama, in the County of Tuscaloosa, State of Alabama; plaintiff avers that on said date and prior thereto her intestate, in accordance with said agreement, had been furnished or his services provided to the defendant Southeastern Coal and Iron Company, a corporation, by the defendant, Thompson Tractor Company, a corporation; plaintiff avers that the business of repairing and maintaining heavy motorized diesel equipment is a business inherently dangerous to the life and health of men engaged in such work; plaintiff avers that her intestate on said date at (sic) and at said place, while acting within the line and scope of his employment by the defendant, Southeastern Coal and Iron Company, a corporation, was attempting to start a diesel tractor of the defendant Southeastern Coal and Iron Company, by forcing oxygen into the fuel tank of said tractor, which method then and there being employed by the said deceased to start said tractor was inherently dangerous to life and health, which fact was known by those of scientific knowledge and of general education and information

relative to said danger and hazard; plaintiff avers that at said time and place her intestate did now (sic) know and had not been informed by the defendants of the inherently dangerous nature of the work he was then performing, and plaintiff avers that said defendants negligently failed to warn or instruct her intestate of such danger and of the method of avoiding the same; plaintiff avers that while her intestate was engaged in such acts at said time and place, the fuel tank of said tractor exploded throwing flaming fuel oil about the person of plaintiff's intestate, and plaintiff avers that as a proximate consequence of the said negligence of the said defendants at said time and place plaintiff's intestate was burned to death, all to the great damage of plaintiff in the aforesaid sum, hence this suit."

■ Under its plea of the general issue in short by consent, Southeastern undertook to show that plaintiff's intestate was guilty of contributory negligence which proximately contributed to the injury which resulted in his death.

The defendant Thompson called as its witness one Robert Bostick, who was Thompson's branch service manager in Tuscaloosa. Bostick testified on direct examination that he saw plaintiff's intestate "right after the accident happened, as soon as,—well, when he left the Emergency Room and went to his room." Bostick was permitted to state that while in the room he talked with the deceased about the accident, but plaintiff's objection was sustained to the question, "What did he say to you?"

On examination of Bostick by one of Southeastern's attorneys, Bostick reiterated his previous testimony to the effect that he talked with deceased in his hospital room shortly after the accident occurred, but plaintiff's objection was sustained to the following question asked by Southeastern: "Did he make a statement to you there on that occasion in the hospital room about how the accident occurred?" Out of the presence of the jury counsel for Southeastern advised the trial court to the effect that if Bostick was permitted to answer the question last quoted above, he would say that the plaintiff's intestate told him in substance, "I have had a rough day, but I knew it was wrong when I did it."

Under our holding in Alverson v. Little Cahaba Coal Co., 201 Ala. 123, 77 So. 547, the trial court erred to a reversal in refusing to permit the witness Bostick to answer the question propounded to him by counsel for Southeastern. We quote from the case last cited:

"It is a well-established rule of evidence that the declarations of a deceased person when a part of the res gestae are admissible, whether the same be in favor of or against the interest of the deceased or his estate. *When the declaration is not a part of the res gestae, it is admissible when against the interest of the declarant, but not when in his favor.* Dying declarations as such are not admissible per se in civil cases, but are governed by the same rule of admitting declarations against interest. It therefore follows that the testimony elicited by the defendant as to what the intestate stated before his death tending to show that he was guilty of contributory negligence and other facts favorable to the defendant as to his experience, instructions to him, etc., and how the injury occurred, were admissible as being declarations against interest. Nor is this character of case removed from the general rule because the suit is for the death of the intestate and by his legal representative.

" 'In actions by an administrator for death by wrongful act, statements of his decedent indicating contributory negligence are admissible as declarations against interest.' 4 Ency. of Ev. p. 91.

" 'In actions for or against an estate the admissions of the deceased are competent as against his executor or admin-

istrator in all causes where they would have been competent against him, if living. But not in his favor unless they are a part of the res gestae.' Volume 1 Ency. of Ev., pp. 571, 572; Seyfer v. Otoe [County], 66 Neb. 566, 92 N.W. 756." (201 Ala. 127, 77 So. 551)

See Benefit Ass'n of Railway Employees v. Armbruster, 221 Ala. 399, 129 So. 78; Berry v. Dannelly, 226 Ala. 151, 145 So. 663; Alabama Power Co. v. Ray, 249 Ala. 568, 32 So.2d 219; 2 McElroy, The Law of Evidence in Alabama, § 249.01, p. 238.

In view of the possibility of another trial, we pretermit consideration of the assignments of error made by Southeastern charging error on the part of the trial court in refusing the affirmative instructions requested by Southeastern and in overruling those grounds of Southeastern's motion for a new trial which took the point, in effect, that the verdict was not sustained by the evidence. We have also pretermitted consideration of assignments of error made by Southeastern concerning certain rulings which may not occur on another trial.

We come now to a consideration of certain of Thompson's argued assignments of error.

■ Thompson asserts that the trial court erred in overruling the grounds of its demurrer directed to Count One A of the complaint which took the point that said count fails to allege sufficient facts to show that the Workmen's Compensation Law of Alabama did not apply. We do not think there is merit in this contention. Count One A does not allege any employer-employee relationship between plaintiff's intestate and Thompson and, hence, it was not incumbent upon the plaintiff to negative the application of the Workmen's Compensation Law as to Thompson. See Stanton v. Marsh, 274 Ala. 501, 150 So.2d 363.

As to Thompson, Count One A alleges that Thompson contracted with South-

eastern for a valuable consideration "to provide plaintiff's intestate safe tools, appliances and equipment necessary to maintain said equipment located at the defendant Southeastern Coal and Iron Company's premises at Dudley in Tuscaloosa County, Alabama."

■ Thompson contends that Count One A was subject to the grounds of its demurrer which took the point that said count fails to allege any breach of duty owing by Thompson to plaintiff's intestate. We do not agree. Count One A contains the following allegations: "At said time and place the defendant Southeastern Coal and Iron Company and the defendant Thompson Tractor Company, negligently failed to provide reasonably safe tools, appliances and equipment to plaintiff's intestate to do and perform the work of repairing said equipment." In our opinion, the averments just quoted sufficiently allege a breach by Thompson of its duty to furnish safe tools, etc., to plaintiff's intestate as, according to other averments of said count, it had bound itself to do under its contract with Southeastern. We add that the averments of Count One A also show a breach of that duty.

The grounds of Thompson's demurrer taking the point that there was a misjoinder of parties defendant are not sufficiently argued to warrant consideration.

Thompson also argues its assignments of error to the effect that the trial court erred in overruling its demurrer directed to Count Three of the complaint.

Count Three, like Count One A, alleges that plaintiff's intestate was an employee of Southeastern at the time of the accident. It does not expressly allege that he was an employee of Thompson nor do we think that the averment of Count Three to the effect that plaintiff's intestate had been "furnished or his services provided" to Southeastern in accordance with Thompson's agreement with Southeastern to furnish the latter with the services of a master diesel mechanic show that plaintiff's intes-

tate was an employee of Thompson within the meaning of the Workmen's Compensation Law. We hold, therefore, that the trial court did not err in overruling those grounds of Thompson's demurrer directed to Count Three which took the point that said count failed to allege sufficient facts to show that the Workmen's Compensation Law of Alabama did not apply.

◼ Among the other grounds of Thompson's demurrer directed to Count Three argued in its brief are:

"54a. It is not averred that defendant knew the acts performed by plaintiff's intestate were inherently dangerous.

"54b. It is not averred that defendants were of scientific knowledge and general education."

We think those grounds of demurrer were well taken and should have been sustained. If we understand the averments of Count Three, the breach of duty charged against both defendants was that they failed to warn plaintiff's intestate that it was dangerous to attempt to start a diesel tractor by forcing oxygen into the fuel tank of the tractor and failed to advise him of the method of avoiding such danger. But the said count does not, in our opinion, sufficiently allege that either defendant was aware of such danger or of the manner of avoiding it. True, it is averred in substance that such conduct was known to be dangerous by "those of scientific knowledge and of general education and information." But it is not averred that Thompson's personnel, those who furnished plaintiff's intestate's services to Southeastern, possessed scientific knowledge or had a "general education." Moreover, it is not alleged that Thompson was aware of the fact that plaintiff's intestate was attempting to use such a method to start the tractor. As we have indicated, Count Three does not allege that plaintiff's intestate was an employee of Thompson. For aught appearing in said count, he was an independent contractor, in which event we question that

there was any duty upon Thompson to advise him how to perform his work.

We hold, therefore, that the trial court erred in overruling Thompson's demurrer to Count Three.

◼ As we have heretofore indicated, the case went to the jury on behalf of the defendants on pleas of the general issue in short by consent in the usual form.

However, it appears that during the settlement of the pleadings it was agreed by and between counsel that pleading would be in short by consent except as to the defense raised by the defendant Thompson in its pleas 3, 4, 5, 6, 7 and 8.

Plaintiff's demurrer was sustained to these pleas and such action of the trial court is assigned as error.

The aforementioned pleas cover approximately four pages of the transcript. We will not set them out in the opinion or direct that they be set out in the report of the case because to do so would further lengthen this long opinion. The six pleas raise the same defensive matter. They are summarized in Thompson's brief and appellee does not question that summarization, so we treat it as adequately depicting the averments of the pleas. We quote:

"These pleas aver that plaintiff's intestate was an employee of the Appellant Thompson Tractor Company at the time of his death on December 14, 1962, and that he was acting in the line and scope of his employment at said time and place and was covered by the Workmen's Compensation Law of Alabama. It is averred that Appellant [Thompson] by and through its insurer paid Mrs. Nora Irene Cobb compensation for her and her son as dependents of the deceased Burmon Hurlen Cobb as required by the Act. These payments were begun the week of his death and were paid up to and including the date of trial and that appellant was continuing to make these payments. It is further averred Mrs. Cobb;

by her acceptance of these payments and retention of the money paid to her elected to be bound by Workmen's Compensation Act and that Appellant had relied upon this election to its prejudice."

Each of the pleas concludes with an averment to the effect that because of the matters alleged in the plea, the plaintiff cannot maintain this suit or is estopped or barred from maintaining it.

The pleas here under consideration were filed by Thompson on its own behalf and not on behalf of Southeastern.

We are dealing here with averments of pleas which the demurrers interposed thereto admit to be true. We make this observation because it seems to be the position of appellee that the demurrers should have been sustained because "Thompson was never legally subject to any demand for compensation since not Cobb's employer within the meaning of the Workmen's Compensation Act."

But regardless of the theory upon which appellee instituted this litigation, we are presently concerned with the sufficiency of the pleas as against the demurrer. We entertain the view that the trial court erred in sustaining the demurrer to the several pleas.

In National Cast Iron Pipe Co v. Higginbotham, 216 Ala. 129, 132, 112 So. 734, 736, we said:

"It is further shown that plaintiff accepted compensation under the Act, paid him in many installments. He is precluded by this agreement from resorting to the other remedy, if such other remedy existed. * * *"

As we have heretofore shown, Robert Bostick, a witness called by Thompson, was permitted to testify that he talked with plaintiff's intestate about the accident within a short time thereafter. But the trial court refused to permit the witness to answer the question, "What statement did he make?" Later counsel for Thompson made it known to the Court outside the presence of the jury that he expected the witness to answer that plaintiff's intestate admitted to witness that he knew what "he had done was wrong, and he should not have done it." Under our holding in Alverson v. Little Cahaba Coal Co., supra, the trial court erred to a reversal in refusing to permit the witness Bostick to answer the question, "What statement did he make?"

We pretermit consideration of the assignments of error made by Thompson asserting error by the trial court in refusing the affirmative charges requested by Thompson and in overruling those grounds of Thompson's motion for new trial which took the point, in effect, that the verdict was not sustained by the evidence. We have not considered other assignments of error made by Thompson concerning certain rulings which may not occur on another trial.

The judgment in 6 Div. 288 is reversed, as is the judgment in 6 Div. 292.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.