215 So.2d 607

Paul Michael BOKULICH

v.

CITY OF DEMOPOLIS.

2 Div. 210.

Court of Appeals of Alabama.

Oct. 22, 1968.

Harvey M. Burg, Birmingham, for appellant.

Lloyd & Dinning, Demopolis, for appellee.

JOHNSON, Judge.

This is an appeal from a judgment on trial de novo in the Circuit Court of Marengo County, Alabama, finding appellant guilty of breach of an ordinance.

Appellee filed a motion to strike appellant's brief grounded on two grounds:

"1. Said Brief of Appellant was filed on legal-size paper, rather than the size required by the Rules of this Honorable Court.

"2. Said Brief was filed in only one copy, contrary to the Rules of this Honorable Court."

As this type of appeal is governed by the rules relating to civil appeals, appellee's motion must be granted and this appeal must be dismissed for appellant's failure to comply with Supreme Court Rule 8(9) which became effective on April 1, 1965, and states in part as follows:

"Brief shall be printed or typewritten, and if printed then in type not smaller than pica type. Typewritten briefs shall be on white paper, eight and one-half inches by eleven inches, with a margin of one and one-half inches, and typewritten on one side of the paper only. The typewriting shall be double spaced except for citations and quoted material which may be single spaced. The writing, whether on original or copies, must be clear and legible. The brief shall be bound on the side. Name and address of counsel shall appear on cover of brief."

Appellant's brief in the instant case does not comply with the above cited rule in that it is on legal size paper; it is not bound on the side but at the top; and it has an insufficient margin on the right.

Our Supreme Court stated in Edmondson v. Edmondson, 281 Ala. 191, 200 So.2d 652, that the rule was for the "expeditious handling of its business" and further noted:

"We have been most reluctant to invoke the rules of the court and have construed them as liberally as possible to avoid dismissing appeals based upon noncompliance, particularly where there is substantial compliance. However, as noted by the late Chief Justice Gardner in Ogburn-Griffin Grocery Co. v. Orient Insurance Co., 188 Ala. 218, 66 So. 434:

"' * * * [W]e cannot permit them to be ignored or entirely disregarded, however innocently, for they were framed and adopted to facilitate business and be an aid to the court in its prompt and orderly disposition, a result in which the profession and those whom it represents are greatly interested. * * *'"

Appellant's brief must be stricken for failure to comply with Rule 8(9). Packard v. Gulf Development Co., Inc., 274 Ala. 126, 145 So.2d 805. To strike appellant's brief in a case under civil rules is tantamount to dismissing the appeal. United Security Life Ins. Co. v. Goddard, 42 Ala.App. 629, 174 So.2d 791; Packard, supra.

We must, therefore, conclude that appellant's disregard of Supreme Court Rule 8(9) compels us to dismiss the appeal. Edmondson, supra.

Appeal dismissed.

CATES, J., dissents.